

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00129-CR

---

DEBORAH JEAN HORN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CR21276, Honorable Brock R. Smith, Presiding

---

August 29, 2025

MEMORANDUM OPINION[1]

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Deborah Jean Horn, pleaded guilty in May 2019 to possession of a controlled substance in an amount less than 200 grams but more than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d). She was placed on five years' deferred adjudication community supervision. On March 5, 2025, the trial court heard the State's

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

motion to proceed to adjudication in the cause, which had been pending since December 2023.[2]

At the hearing, appellant pleaded "true" to the allegations contained in the State's motion, which included allegations that appellant committed subsequent criminal offenses, failed to avoid injurious habits by using methamphetamine several times by her own admission, failed to report to her community supervision officer, failed to complete community service, and failed to pay her fines, costs, and fees imposed as conditions of her community supervision. Without specifying the grounds it expressly found to be true, the trial court granted the State's motion to adjudicate, found appellant guilty of the originally charged offense of possession of a controlled substance, and sentenced appellant to four years' imprisonment for the second-degree felony. The trial court pronounced that it would not impose any additional fines or costs of court.

Appellant's court-appointed counsel filed an *Anders* brief stating that the appeal was frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We affirm the trial court's judgment.

Pursuant to *Anders*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's

---

[2] In fulfilling our duty to independently review the record for error, we consider the trial court's jurisdiction to entertain the State's motion, given that it took place after the ostensible expiration of appellant's community supervision. The record demonstrates that capias was issued on December 27, 2023, and was served in January 2024. Because the State filed its motion to adjudicate and a capias was issued within the period of deferred adjudication, the trial court retained jurisdiction to conduct a hearing on the motion to adjudicate. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(c); *Hoard v. State*, No. 07-24-00233-CR, 2025 Tex. App. LEXIS 2517, at *6 (Tex. App.—Amarillo Apr. 11, 2025, no pet.) (mem. op., not designated for publication); *Schaefer v. State*, No. 02-21-00118-CR, 2022 Tex. App. LEXIS 8631, at *6 (Tex. App.—Fort Worth Nov. 23, 2022, pet. ref'd) (mem. op., not designated for publication).

2

brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (stating that "[i]n Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities"); *see also Davis v. State*, 683 S.W.3d 828, 829–30 (Tex. App.—Amarillo 2023, no pet.). Appellant's counsel also represented that he performed the following duties: 1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; 2) provided appellant with copies of both pleadings; 3) informed appellant of her rights to file pro se responses, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and 4) provided appellant with the appellate record. By letter, the court notified appellant of her right to file a response to counsel's motion and brief if she wished to do so. To date, the court has received no response.

We conducted our own independent review of the record to determine the presence of arguable issues and found none. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

Accordingly, we grant appellate counsel's motion to withdraw and affirm the trial court's judgment.[3]

Brian Quinn
Chief Justice

Do not publish.

---

[3] Within five days from the date of this court's opinion, counsel is ordered to send a copy of this opinion and this court's judgment to appellant and to advise her of her right to file a petition for discretionary review.  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35.